T.C. Summary Opinion 2008-56


UNITED STATES TAX COURT


AARON D. BROWN AND LESLIE P. BROWN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4460-07S.                    Filed May 20, 2008.


Aaron D. Brown and Leslie P. Brown, pro sese.

<u>Ric D. Hulshoff</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes of $1,800 for 2003 and $1,162 for 2004.

The only issue for decision is whether petitioners are entitled to deductions for simplified employee pension (SEP) contributions for 2003 and 2004.[1]

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in Arizona.

Petitioner Aaron D. Brown (Mr. Brown) is president and a shareholder of Aaron Brown Mortgage, Inc. (corporation). The corporation has elected to be taxed as an S corporation. Petitioners are the only employees of the corporation. Petitioner Leslie P. Brown (Mrs. Brown) reported wages from the corporation of $18,000 for each of 2003 and 2004. Mr. Brown reported wages from the corporation of $36,000 for each of 2003 and 2004.

The corporation established an SEP account with the Vanguard Group on October 1, 2001. A Form 5305-SEP, Simplified Employee Pension - Individual Retirement Accounts Contribution Agreement (agreement), was signed by Mr. Brown as president of the corporation. Article I - Eligibility Requirements provides that

---

[1]Resolution of this issue will determine the amount of petitioners' allowable deductions on Schedule A, Itemized Deductions.

the employer agrees to make yearly discretionary contributions to the individual retirement account (IRA) of all employees who are 18 years or older and have worked for the employer at least one-half year out of the last 5 years.[2]  The instructions on the form caution the employer:  "All eligible employees must be allowed to participate in the SEP."

In April of 2004 the corporation made a $7,200 SEP contribution to an IRA for 2003 for Mr. Brown.  On their Forms 1040, U.S. Individual Income Tax Return, for 2003 and 2004 petitioners deducted $7,200 from their gross income representing the contributions made by the corporation to the Vanguard SEP plan for Mr. Brown.  Petitioners also deducted $3,000 from gross income for 2003 and 2004 for IRA contributions made by Mrs. Brown.

Respondent examined the returns and disallowed the SEP deductions in both years because petitioners had not "established that you are entitled to this deduction."

### Discussion

The Commissioner's deficiency determinations are presumed correct, and taxpayers generally have the burden of proving that the determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under certain

---

[2]The corporation chose terms on the form agreement that are less restrictive than the statutory requirements.  See sec. 408(k).

circumstances, however, section 7491(a) may shift the burden to the Commissioner with respect to any factual issue affecting the liability for tax. Because there is no factual issue in dispute, section 7491(a) is inapplicable, and the burden of proof does not shift to respondent.

An SEP is an individual retirement account or annuity (IRA) to which an employer makes a contribution. Sec. 401(k). The employer may deduct SEP contributions for the taxable year if they are made no later than the due date of the return for the taxable year. Sec. 404(h)(1). The arrangement will qualify as an SEP for a taxable year only if certain requirements are met. The employer must contribute to the SEP of each employee who: (a) Has attained the age of 21, (b) has performed service for the employer for at least 3 of the immediately preceding 5 years, and (c) has received at least $450 in compensation from the employer for the year. Sec. 408(k)(2).[3]

Respondent argues that the corporation was the proper entity to have claimed the deduction, if at all, and not petitioners. Petitioners' claiming the deduction instead of the corporation is not what causes the deficiency, however. See sec. 1366(a). Respondent argues, further, that the deduction is improper because no SEP contribution was made for the only other employee

---

[3]Certain types of employees are excluded from these requirements. See sec. 410(b)(3)(A), (C).

of the corporation, Mrs. Brown.  The contribution does not meet the requirements of section 408(k)(2), according to respondent.

Petitioners argued at trial that they have been caught by a mere "technicality".  The Court disagrees with petitioners' contention that the failure of the corporation to contribute to an IRA in favor of an employee, Mrs. Brown, was a mere technicality.  The requirement, aimed at fairness and equitable treatment for employees, is one of the few basic provisions of the SEP regime.

Even if the provision could fairly be characterized as a "technicality", it is one that was brought to the attention of the president of the corporation, Mr. Brown, more than once in the agreement.  Mr. Brown, as president, signed and agreed to the provisions contained in the agreement, including the requirement that each employee receive from the corporation a contribution to his or her IRA.

Petitioners' contention in their petition is that the section 318 rules of attribution treat the contribution to Mr. Brown's IRA as a contribution to Mrs. Brown's IRA.  The problem with this position is that section 318, Constructive Ownership of Stock, as the title implies, addresses stock ownership, not IRA or SEP contributions.  For example, an individual shall be considered as owning the stock owned, directly or indirectly, by or for his spouse.  Sec. 318(a)(1)(A)(i).  In addition, section

318 applies to "those provisions of this subchapter to which the rules contained in this section are expressly made applicable". Sec. 318(a).  Section 318(b) lists the "provisions to which the rules contained in subsection (a) apply".  Section 408 is not one of the provisions listed in section 318(b) and is not in the same subchapter of the Code as section 318.

For the reasons stated, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.